IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (WILLIAMSPORT)

David Baez-Garcia, pro se,          :     Civil No.

      Plaintiff     ,                  :

                              :      _____

                              :

        v.                                :

                              :

United States Of America,           :     Jury Trial Demanded

R. Kresock, SIS Tech, individually  :

and in his official capacity,       :     Under The

Captain Hunter, individually and    :     Federal Tort Claims Act

in his official capacity,           ::    28 U.S.C. §§1346(b), 2671

Lieutenant Walker, SHU Lt.,         :     And

individually and in his official    :     Bivens v. Six Unknown

capacity, The Federal Bureau Of     :     Named Agents Of Federal

Prisons, Lauren E. Fabian, PA-C –   :     Bureau Of Narcotics

Geisinger Gastroenterology,         :     29 L.Ed.2d 619 (1971)

individually and in her official    :

capacity, John T. Burns, M.D.,      ;     COMPLAINT

individually and in his official    :

capacity, Brian O. Busohman. M.D.,  :

individually and in his official    :

capacity, Charles Kahley, LPN,      :

individually and in his official    :

capacity, Timothy Pfirman, PA,      :

individually and in his official    :

FILED
WILLIAMSPORT
PER_____
AUG 03 2021
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (WILLIAMSPORT)

capacity, S. Gosa, PA,                    :

individually and in his official   :

capacity, A. Bomboy, DHO,           :

individually and in his official   :

capacity,                                 :

        Defendants .            :

COMPLAINT

I. Parties In This Complaint.

A. Plaintiff:

1.)Plaintiff was living with his family in the Dominican Republic, when he was arrested and extradited to the United States.  Plaintiff is a citizen of the Dominican Republic and therefore subject to deportation as a consequence of his conviction in the United States. Plaintiff was at all times, during the alleged events, housed at the Federal Correctional Facility, FCI Allenwood Medium.  Plaintiff was there serving a Federal sentence.  All events referenced herein occurred at FCI Allenwood Medium and an outside hospital.

B. DEFENDANTS:

2.) DEFENDANT, THE UNITED STATES OF AMERICA - THE CONTIGUOS STATES BOUNDED ON THE NORTH BY CANADA AND THE GREAT LAKES, AND ON THE SOUTH BY MEXICO AND THE GULF OF MEXICO, AND EXTENDING FROM THE ATLANTIC TO THE PACIFIC OCEAN, AND THE STATES OF ALASKA AND HAWAII, UNITED UNDER ONE NATIONAL GOVERNMENT, HAVING A NATIONAL CONSTITUTION ADOPTED IN 1787, AND AMENDED FROM TIME TO TIME SINCE. AT PRESENT THERE ARE 50 STATES. THIS COMPLAINT CAN BE SERVED ON THE UNITED STATES BY SERVING A COPY TO THE UNITED STATES ATTORNEY FOR THE MIDDLE DISTRICT OF PENNSYLVANIA AND BY SERVING A COPY TO THE ATTORNEY GENERAL OF THE UNITED STATES IN WASHINGTON, D.C.

3.) DEFENDANT, R. KRESOCK, SIS TECH, IS EMPLOYED BY THE FEDERAL BUREAU OF PRISONS, AS A CORRECTIONAL OFFICER, WITH THE RANK OF LIEUTENANT. AT THE TIME IN QUESTION, HE WAS ASSIGNED TO FCI ALLENWOOD MEDIUM, ASSIGNED TO THE SIS OFFICE. THIS COMPLAINT CAN BE SERVED ON HIM AT THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887

4.) DEFENDANT, CAPTAIN HUNTER, WAS EMPLOYED BY THE FEDERAL BUREAU OF PRISONS, WITH THE RANK OF CAPTAIN. AT THE TIME IN QUESTION, HE WAS ASSIGNED TO FCI ALLENWOOD MEDIUM AND SERVED AS CAPTAIN OF THAT FACILITY. HE HAS SINCE RETIRED. THIS COMPLAINT CAN BE SERVED ON HIM THROUGH THE AUTHORITIES AT FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887. SURELY STAFF AT ALLENWOOD WOULD KNOW HIS CURRENT ADDRESS.

5.) DEFENDANT, LIEUTENANT WALKER, IS EMPLOYED BY THE FEDERAL BUREAU OF PRISONS, WITH THE RANK OF LIEUTENANT. AT THE TIME IN QUESTION, HE WAS ASSIGNED TO FCI ALLENWOOD MEDIUM, AS THE SHU LIEUTENANT. THIS COMPLAINT CAN BE SERVED ON HIM AT

—3—

THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887.

6.) DEFENDANT, THE FEDERAL BUREAU OF PRISONS, CONSISTS OF FEDERAL CORRECTIONAL FACILITIES THROUGHOUT THE UNITED STATES AND FALLS UNDER THE DEPARTMENT OF JUSTICE. THIS COMPLAINT CAN BE SERVED ON THE FEDERAL BUREAU OF PRISONS BY EITHER SERVING THE DIRECTOR OF THE BUREAU OF PRISONS OR BY SERVING THE CENTRAL OFFICE AT THE FOLLOWING ADDRESS: FEDERAL BUREAU OF PRISONS, CENTRAL OFFICE, 320 FIRST STREET, N.W., WASHINGTON, D.C. 20534.

7.) DEFENDANT, LAUREN E. FABIAN, PA-C - GEISINGER GASTROENTEROLOGY, IS A PHYSICIAN ASSISTANT, EMPLOYED BY THE GEISINGER MEDICAL CENTER IN WILLIAMSPORT. AT THE TIME IN QUESTION, PA FABIAN EXAMINED PLAINTIFF TWICE AT FCI ALLENWOOD MEDIUM. THIS COMPLAINT CAN BE SERVED ON HER AT THE FOLLOWING ADDRESS: GEISINGER MEDICAL CENTER, WILLIAMSPORT, PENNSYLVANIA 17701.

8.) DEFENDANT, JOHN T. BURNS, M.D., IS A MEDICAL DOCTOR, WHO SERVES AS A MEDICAL CLINICIAN AT THE FEDERAL CORRECTIONAL COMPLEX AT ALLENWOOD. HE RECEIVED A COMMISSION FROM THE PUBLIC HEALTH SERVICE ON SEPTEMBER 4, 2015. AT THE TIME IN QUESTION, HE WAS ASSIGNED TO THE BOP AT THE FEDERAL CORRECTIONAL COMPLEX AT ALLENWOOD. THIS COMPLAINT CAN BE SERVED ON HIM AT THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887.

9.) DEFENDANT, BRIAN O. BUSCHMAN, M.D., IS A MEDICAL DOCTOR, WHO SERVES AS A MEDICAL CLINICIAN AT THE FEDERAL CORRECTIONAL COMPLEX AT ALLENWOOD. HE RECEIVED A COMMISSION FROM THE PUBLIC HEALTH SERVICE ON SEPTEMBER 4, 2015. AT THE TIME IN QUESTION, HE WAS ASSIGNED TO THE BOP AT THE FEDERAL CORRECTIONAL COMPLEX AT ALLENWOOD. THIS COMPLAINT

— 4 —

CAN BE SERVED ON HIM AT THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887.

10.) DEFENDANT, CHARLES KAHLEY, LPN, IS EMPLOYED BY THE FEDERAL BUREAU OF PRISONS. AT THE TIME IN QUESTION, HE WAS ASSIGNED TO THE HEALTH SERVICES DEPARTMENT AT FCI ALLENWOOD MEDIUM. THIS COMPLAINT CAN BE SERVED ON HIM AT THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887

11.) DEFENDANT, TIMOTHY PFIRMAN, PA, IS EMPLOYED BY THE PUBLIC HEALTH SERVICE, ASSIGNED TO THE MEDICAL DEPARTMENT AT FCI ALLENWOOD MEDIUM. AT THE TIME IN QUESTION, HE SERVED AS A PHYSICIAN ASSISTANT AT FCI ALLENWOOD MEDIUM. THIS COMPLAINT CAN BE SERVED ON HIM AT THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887.

12.) DEFENDANT, S. GOSA, PA, IS EMPLOYED BY THE PUBLIC HEALTH SERVICE, ASSIGNED TO THE MEDICAL DEPARTMENT AT FCI ALLENWOOD MEDIUM. AT THE TIME IN QUESTION, HE SERVED AS A PHYSICIAN ASSISTANT AT FCI ALLENWOOD MEDIUM. THIS COMPLAINT CAN BE SERVED ON HIM AT THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887.

13.) DEFENDANT, A. BOMBOY, DHO, IS EMPLOYED BY THE FEDERAL BUREAU OF PRISONS. PLAINTIFF IS NOT SURE OF HIS TITLE, BUT HE SOMETIMES SERVES AS THE DISCIPLINARY HEARING OFFICER AT FCI ALLENWOOD MEDIUM. AT THE TIME IN QUESTION, HE SERVED AS THE DHO TO HEAR AND DECIDE PLAINTIFF'S INCIDENT REPORT. THIS COMPLAINT CAN BE SERVED ON HIM AT THE FOLLOWING ADDRESS: FCI ALLENWOOD MEDIUM, P.O. BOX 2500, WHITE DEER, PENNSYLVANIA 17887.

II. BASIS FOR JURISDICTION

FEDERAL QUESTION JURISDICTION.

14.) 28 U.S.C. §1331 STATES THAT "[E]he District Courts shall HAVE ORIGINAL JURISDICTION OF All CIVIL ACTIONS ARISING UNDER THE CONSTITUTION, LAWS, OR TREATIES OF THE UNITED STATES."

DIVERSITY JURISDICTION.

15.) 28 U.S.C. §1332 (a) STATES THAT, "[E]he District Courts Shall HAVE ORIGINAL JURISDICTION OF All CIVIL ACTIONS WHERE THE MATTER IN CONTROVERSY EXCEEDS THE SUM VALUE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS...."

16.) PLAINTIFF BELIEVES HIS ACTION PROVIDES THIS HONORABLE COURT WITH BOTH FEDERAL QUESTION JURISDICTION AND DIVERSITY JURISDICTION.

III. VENUE.

17.) IT IS IMPORTANT TO NOTE THAT IF AN ACTION IS BASED ON DIVERSITY AND A FEDERAL QUESTION, THE VENUE PROVISION ISL A FEDERAL QUESTION CASE APPLIES. 28 U.S.C. §1391 (b) PROVIDES GENERALLY FOR VENUE IN (1) A JUDICIAL DISTRICT WHERE ANY DEFENDANT RESIDES, IF All DEFENDANTS RESIDE IN THE SAME STATE, (2) A JUDICIAL DISTRICT IN WHICH A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE CLAIM OCCURRED, OR (3) A JUDICIAL DISTRICT IN WHICH ANY DEFENDANT MAY BE FOUND, IF THERE IS NO DISTRICT IN WHICH THE ACTION MAY OTHERWISE BE BROUGHT.

— 6—

IV STATEMENT OF THE CLAIM.

18.) PLAINTIFF WAS WORKING AS THE HEAD ORDERLY IN HOUSING UNIT 2A DURING DECEMBER AND JANUARY, 2018 AND 2019. THE UNIT OFFICER SENT PLAINTIFF TO THE LIEUTENANT'S OFFICE ON JANUARY 31, 2019. A LIEUTENANT CAIN AND ANOTHER LIEUTENANT QUESTIONED PLAINTIFF ABOUT 2 GREETING CARDS THAT PLAINTIFF'S SON'S MOTHER HAD SENT HIM. BECAUSE THEY CONCLUDED THAT THEY WERE SUSPECT, THEY TOOK PLAINTIFF TO THE SHU (OR "Hole") AND LOCKED HIM UP.

19.) DURING PLAINTIFF'S TIME IN THE SHU, HE NEVER RECEIVED AN ADMINISTRATIVE DETENTION ORDER PER 28 C.F.R. 541.25. THIS ORDER IS SUPPOSED TO BE GIVEN THE INMATE WITHIN 24 HOURS. ALSO, DURING THE TIME PLAINTIFF SPENT IN THE SHU, HE NEVER RECEIVED A 3-DAY, 7-DAY, OR 30-DAY REVIEW, AS REQUIRED BY 28 C.F.R. 541.26.

20.) THE GREETING CARDS IN QUESTION WERE SENT TO A LAB TO BE TESTED FOR NARCOTIC SUBSTANCES. THE TESTS CAME BACK SHOWING THEY WERE NEGATIVE FOR NARCOTIC SUBSTANCES. A DECISION WAS MADE TO SEND THEM BACK TO THE LAB FOR RETESTING. THE SECOND TEST RESULTS WERE RETURNED ON July 29, 2019, AND ONCE AGAIN THE RESULTS WERE NEGATIVE FOR NARCOTIC SUBSTANCES.

21.) CONDITIONS IN THE SHU WERE TERRIBLE. IT WAS FILTHY. INMATES ARE GIVEN A RUBBER CUP TO DRINK OUT OF THAT LEAVES A VERY BAD TASTE IN ONE'S MOUTH. THE WATER SUPPLY SMELLS AND TASTES LIKE SEWAGE. THESE THINGS REALLY MESSED UP PLAINTIFF'S STOMACH, INTESTINES, AND BOWELS. PLAINTIFF SUFFERED SEVERE AND PROLONGED NEEDLESS PAIN FOR MONTHS. PLAINTIFF HAD TO ENDURE CONSTANT DISTRESS FOR 3 OR 4 MONTHS WHILE HE WAITED TO SEE AN OUTSIDE GASTROENTEROLOGY SPECIALIST.

22.) PLAINTIFF ENDURED SEVERE AND CONSTANT PAIN FOR QUITE A FEW MONTHS, COMPLAINING TO ANYONE WHO HAPPENED TO COME NEAR THE DOOR TO HIS CELL. WHEN AN INMATE GOES TO THE SHU (OR "HOLE"), IT'S LIKE THEY DROPPED OFF THE FACE OF THE EARTH. THEY ARE TOTALLY FORGOTTEN. IT'S NEARLY IMPOSSIBLE TO GET ANY ANSWERS, LET ALONE HELP OR TREATMENT.

23.) PLAINTIFF WAS FINALLY SEEN BY TIMOTHY PFARMAN, PA, AFTER VOICING NUMEROUS COMPLAINTS TO PASSERSBY. PA PFARMAN ORDERED A STOOL TEST AND PRESCRIBED A COUPLE MEDICATIONS. (SEE EXHIBIT "A"). PLAINTIFF HAD BEEN COMPLAINING ABOUT DIARRHEA, ABDOMINAL CRAMPING, BLOATING, AND FLATULENCE. PA PFARMAN FINALLY PERFORMED A CLINICAL ENCOUNTER WITH PLAINTIFF ON MARCH 8, 2019.

24.) A STOOL SAMPLE WAS TAKEN FROM PLAINTIFF ON APRIL 2, 2019 AND THE RESULTS WERE RETURNED ON APRIL 5, 2019 (SEE EXHIBIT "B")

25.) PLAINTIFF WAS SEEN ONCE AGAIN BY PA PFARMAN ON April 12, 2019. AT THAT TIME, PA PFARMAN SUBMITTED A NON-FORMULARY REQUEST FOR BENTYL, IN AN EFFORT TO LESSEN THE ABDOMINAL CRAMPING PLAINTIFF WAS ENDURING. (SEE EXHIBIT "C").

26.) ON April 19, 2019, PLAINTIFF WAS ONCE AGAIN SEEN BY PA PFARMAN. PLAINTIFF WAS TOLD THAT THE REQUEST FOR BENTYL HAD BEEN DENIED. IN HIS PROVISIONAL DIAGNOSIS, PA PFARMAN WROTE, "HE WAS RECENTLY EVALUATED AND PRESCRIBED IMODIUM AND PRILOSEC. THE IMODIUM IS CONTROLLING THE DIARRHEA BUT THE ABDOMINAL CRAMPING IS SEVERE AT TIMES" PLAINTIFF WAS TOLD THAT HE HAD TO BE SEEN BY A GASTROENTEROLOGY SPECIALIST AND THAT HE WAS ON A WAITING LIST TO BE SEEN. (SEE EXHIBIT "D").

— 8 —

27.) On May 1, 2019, Plaintiff wrote a letter to the Warden of his facility, Catricia L. Howard, pointing out his health issues and the delay in resolution of his lock-up. In his letter, Plaintiff points out that in the 23-years that he's been in the BOP, he's never had a drug issue or a dirty urine and that he had been at the current institution for 4 years without a single incident report. The Warden never responded. (See Exhibit "E").

28.) On May 5, 2019, Plaintiff wrote to Captain Hunter, explaining the delay and requesting resolution. (See Exhibit "F"). The Captain did not respond. On 2 occasions when Plaintiff spoke to Captain Hunter at his cell door (once on March 5, 2019 and once on April 10), Captain Hunter told Plaintiff the same thing — "Get comfortable."

29.) On May 31, 2019, Plaintiff was seen by Charles Kahley, LPN, for what appeared to be a routine encounter, with no steps taken towards resolution. (See Exhibit "G").

30.) Nearly all staff Plaintiff encountered during his 7 months in the SHU exhibited a wanton disregard, sufficiently evidenced by denial, delay, or interference with apparent medical need or care, and deliberate indifference to a substantial risk of serious harm or to a medical need and violated the Eighth Amendment of the U.S. Constitution's prohibition against cruel and unusual punishment and did so on numerous occasions.

31.) In June, 2019, Plaintiff wrote a letter to General Counsel, seeking information through the Freedom of Information Act, relative to the investigation Plaintiff had been under for six months. (See Exhibit "H").

—9—

32.) ON JUNE 24, 2019, PLAINTIFF SUBMITTED A BP-8 TO HIS UNIT COUNSELOR, T. SEGRAVES, ASKING WHY HIS INVESTIGATION HAD BEEN ONGOING FOR SIX MONTHS WHEN INMATES WITH VERY SIMILAR ISSUES HAD THEIR LAB RESULTS IN LESS THAN A MONTH AND FINAL RESOLUTION IN 2 TO 3 MONTHS. (SEE EXHIBIT "I").

33.) ON JUNE 24, 2019, PLAINTIFF RECEIVED A REPLY TO HIS BP-8 FROM HIS COUNSELOR, BASICALLY SAYING THAT, "... UPON COMPLETION OF THE INVESTIGATION YOU WILL BE NOTIFIED OF YOUR STATUS CHANGE" (SEE EXHIBIT "I").

34.) ON JUNE 27, 2019, PLAINTIFF SUBMITTED A BP-9 TO THE WARDEN OF HIS FACILITY. IN THE BP-9, PLAINTIFF STATED, "I AM FILING A FORMAL COMPLAINT IN REGARDS TO MY PLACEMENT IN SHU. I WISH TO ADOPT MY BP-8 INTO THIS RECORD. THE RESPONSE TO MY BP-8 DOES NOT ADDRESS MY CONCERNS, IT MERELY STATES WHAT I PUT IN MY COMPLAINT. MY ISSUE IS DUE TO THE UNREASONABLE DELAY AND THIS INVESTIGATION NOT BEING TREATED SIMILAR TO OTHERS. SINCE I HAVE BEEN IN SHU I HAVE NOT BEEN AFFORDED MY RIGHTS TO ATTEND THE REVIEW OF MY PLACEMENT IN SHU PER PROGRAM STATEMENT 541.26 (ACTUALLY, 28 C.F.R. 541.26). I HAVE NOT BEEN GIVEN NOTICE OF ANY APPROVAL EXTENDING MY DETENTION AND/OR INVESTIGATION PAST 45/90 DAYS. I WAS TOLD I'M UNDER INVESTIGATION WHEN I WAS BROUGHT TO SHU, YET NEVER DID I RECEIVE AN ADD-BP-A0308, ARTICULATING THE SPECIFIC REASON FOR MY PLACEMENT IN SHU AS IS REQUIRED BY P.S. 541.25 (ACTUALLY, 28 C.F.R. 541.25). I'M TOLD BY CAPT. HUNTER THEY'RE WAITING ON LAB RESULTS. THE MORE PRESSING ISSUE I HAVE IS THE DELAY, 541.25 STATES INMATES WILL REMAIN IN SHU FOR NO LONGER THAN NECESSARY TO ADDRESS THE SPECIFIC REASON FOR PLACEMENT. SINCE I'VE BEEN IN SHU THERE HAVE BEEN AT LEAST 50 OTHER INMATES WITH SIMILAR ALLEGATIONS, WHO CAME AFTER ME, RECEIVED LAB RESULTS, MOST WITHIN 45-60 DAYS MAX, INVESTIGATED, SEEN DHO OR RELEASE ACCORDINGLY. AND YET I'M STILL WAITING FOR LAB RESULTS? THIS DELAY SEEMS LIKE A TACTICAL, UNWARRANTED DELAY IN KEEPING ME IN SHU FOR FALSE, UNSUPPORTED ALLEGATIONS. THIS INVESTIGATION HAS

— 10 —

BEEN UNTIMELY AND SHOULD HAVE BEEN COMPLETED A LONG TIME AGO. I ASK THAT THAT DELAY, THE VIOLATIONS OF SECTIONS 541.25 AND 541.26, AND THE DIFFERENTIAL TREATMENT OF MY INVESTIGATION BE REVIEWED AND MY RETURN TO GENERAL POPULATION BE EXPEDITED. TODAY 6/27/19 CAPTAIN HUNTER TOLD ME THAT THEY GOT RESULTS BUT THEY (ARE) SENDING IT BACK TO THE LAB FOR RE-TESTING." (SEE EXHIBIT "K").

35.) ON JUNE 27, 2019, PLAINTIFF'S FECAL/OCCULT-BLOOD TEST RESULTS CAME BACK. (SEE EXHIBIT "L").

36.) ON JULY 10, 2019, PLAINTIFF WAS SEEN BY LAUREN E. FABIAN, PA-C, FROM GEISINGER MEDICAL CENTER'S GASTROENTEROLOGY DEPARTMENT HERE AT FCI ALLENWOOD MEDIUM. HER EXAMINATION LED HER TO BELIEVE THAT PLAINTIFF WAS SUFFERING FROM IRRITABLE BOWEL SYNDROME AND SHE PRESCRIBED A CYCLIC COURSE OF FLAGYL. DR. JOHN T. BURNS, M.D. WAS PRESENT DURING THE EVALUATION AND PLACED HIS STAMP OF APPROVAL ON THE PLANNED COURSE OF ACTION (SEE EXHIBIT "M").

37.) ON JULY 11, 2019, PLAINTIFF RECEIVED A RESPONSE TO A REQUEST FOR ASSISTANCE PLAINTIFF HAD SENT TO LEWISBURG PRISON PROJECT, REQUESTING ADDITIONAL INFORMATION. (SEE EXHIBIT "N").

38.) PLAINTIFF RECEIVED A NOTICE OF REJECTION OF THE BP-9 HE HAD FILED ON JUNE 27, 2019. THE REJECTION NOTICE WAS DATED JULY 17, 2019 AND LISTED THE REJECTION REASON AS, "YOUR REQUEST IS UNTIMELY, INSTITUTION AND CCC REQUESTS (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED ABOUT." HAD SOMEONE TAKEN THE TIME TO READ PLAINTIFF'S BP-9, THEY WOULD HAVE DETERMINED THAT PLAINTIFF'S EVENT COMPLAINED OF WAS ONGOING! (SEE EXHIBIT "O").

— 11 —

39.) ON July 21, 2019, PLAINTIFF SUBMITTED A BP-10 TO THE NORTHEAST REGIONAL OFFICE OF THE FEDERAL BUREAU OF PRISONS. IN IT, PLAINTIFF RENEWED HIS COMPLAINTS AND EXPLAINED THAT WHAT HE WAS COMPLAINING ABOUT WAS STILL ONGOING. (SEE EXHIBIT "P").

40.) PLAINTIFF RECEIVED A REJECTION NOTICE FROM THE NORTHEAST REGIONAL OFFICE REJECTING HIS BP-10 AS UNTIMELY. THE NOTICE WAS DATED July 31, 2019. THE REJECTION NOTED THAT, IF PLAINTIFF GAVE HIS BP-9 TO HIS COUNSELOR ON JUNE 27, 2019, WHY WASN'T IT RECEIVED BY THE WARDEN'S OFFICE UNTIL JULY 17, 2019. THIS IS A COMMON OCCURRANCE, PRIMARILY DUE TO SOMEONE DROPPING THE BALL. PLAINTIFF IS DIRECTED TO OBTAIN A MEMO FROM HIS COUNSELOR EXPLAINING THE DELAY. THIS IS FROM A COUNSELOR THAT PLAINTIFF MIGHT NOT SEE FOR MONTHS AND IS AKIN TO TELLING PLAINTIFF TO SHOW JUST HOW FAR HE CAN FLY. (SEE EXHIBIT "Q").

41.) ON August 1, 2019, PLAINTIFF WROTE TO GENERAL COUNSEL ONCE AGAIN, SEEKING INFORMATION THROUGH THE FREEDOM OF INFORMATION ACT, RELATIVE TO THE INVESTIGATION PLAINTIFF WAS STILL UNDER. (SEE EXHIBIT "R").

42.) ON August 5, 2019, PLAINTIFF RECEIVED AN INCIDENT REPORT, CHARGING HIM WITH PROHIBITED ACT CODE 199 MOST LIKE A 111, INTRODUCTION OF NARCOTICS AND CODE 197, USE OF THE PHONE FOR AN ILLEGAL PURPOSE. (SEE EXHIBIT "S").

43.) ON August 9, 2019, PLAINTIFF RECEIVED NOTICE OF DISCIPLINE HEARING AND WRITTEN NOTICE OF HIS RIGHTS AT DISCIPLINE HEARING. (SEE EXHIBITS "T" AND "U").

44.) ON August 21, 2019, PLAINTIFF APPEARED BEFORE A. BOMBOY, DHO FOR A DISCIPLINE HEARING. DHO BOMBOY FOUND THAT PLAINTIFF HAD COMMITTED THE PROHIBITED ACT OF USE OF THE PHONE FOR AN ILLEGAL PURPOSE AND SANCTIONED PLAINTIFF BY TAKING 41 DAYS

OF GOOD CONDUCT TIME, 30 DAYS OF DISCIPLINARY SEGREGATION, SUSPENDED 180 DAYS PENDING CLEAR CONDUCT, AND LOSS OF PHONE PRIVILEGES FOR 3 MONTHS. (SEE EXHIBIT "V").

45.) SHORTLY AFTER THE DHO HEARING ON August 21, 2019, PLAINTIFF WAS DISCHARGED FROM SHU AND RETURNED TO GENERAL POPULATION. ON SEPTEMBER, 9, 2019, PLAINTIFF SUBMITTED A BP-10 TO THE NORTHEAST REGIONAL OFFICE CHALLENGING THE FINDINGS OF THE DHO. (SEE EXHIBIT "W").

46.) PLAINTIFF RECEIVED A NOTICE OF RECEIPT OF HIS BP-10 BY THE REGIONAL OFFICE, DATED SEPTEMBER 23, 2019. (SEE EXHIBIT "X").

47.) PLAINTIFF RECEIVED A RESPONSE TO HIS BP-10 FROM THE REGIONAL OFFICE, PARTIALLY GRANTING HIS APPEAL. SHORTLY THEREAFTER, PLAINTIFF'S 41 DAY OF GCT WAS RETURNED, HIS LOSS OF PHONE WAS RESTORED AND THE INCIDENT REPORT WAS EXPUNGED. (SEE EXHIBIT "Y"). THE RESPONSE WAS DATED OCTOBER 11, 2019.

48.) ON OCTOBER 16, 2019, PLAINTIFF WAS SEEN ONCE AGAIN BY LAUREN E. FABIAN, PA-C, FROM GEISINGER MEDICAL CENTER'S GASTROENTEROLOGY DEPARTMENT HERE AT FCI ALLENWOOD MEDIUM. EARLIER, PA FABIAN HAD DETERMINED THAT I HAD A BACTERIAL INFECTION AND ORDERED AN ANTIBIOTIC. SHE ORDERED THAT I UNDERGO AN ADDITIONAL 3 MONTHS OF TREATMENT. DR. JOHN T. BURNS, M.D. WAS AGAIN PRESENT DURING THIS EVALUATION AND PLACED HIS STAMP OF APPROVAL ON THE PLANNED COURSE OF ACTION. (SEE EXHIBIT "Z").

49.) ON OCTOBER 24, 2019, PLAINTIFF WAS SEEN BY S. GOSA, PA TO REVIEW THE GI REPORT HE HAD RECEIVED FROM DR. BURNS, MD FROM GEISINGER MEDICAL CENTER. (SEE EXHIBIT "A2").

50.) ON JANUARY 22, 2020, PLAINTIFF SUBMITTED A TORT CLAIM TO THE NORTHEAST REGIONAL OFFICE OF THE FEDERAL BUREAU OF PRISONS SEEKING DAMAGES FOR NEGLIGENCE AND DELAY AND RECKLESSNESS AND BREACH OF DUTY. (SEE EXHIBIT "B2").

51.) ON NOVEMBER 26, 2019, PLAINTIFF WAS SEEN BY BRADLEY ROCCO, PHARM D TO ADVISE PLAINTIFF THAT THERE HAD BEEN A PRODUCT RECALL OF RANITIDINE BECAUSE IT WAS DETERMINED TO CAUSE CANCER. HE ADVISED PLAINTIFF THAT A NON FORMULARY HAD BEEN APPROVED FOR FAMOTIDINE. (SEE EXHIBIT "C2").

52.) IN A LETTER DATED FEBRUARY 10, 2020, PLAINTIFF WAS NOTIFIED BY THE NORTHEAST REGIONAL OFFICE THAT HIS TORT CLAIM HAD BEEN RECEIVED ON JANUARY 28, 2020 AND THAT UNDER THE PROVISIONS OF THE APPLICABLE FEDERAL STATUTES, THE BOP HAD SIX MONTHS FROM THE DATE OF RECEIPT TO REVIEW, CONSIDER, AND ADJUDICATE PLAINTIFF'S CLAIM. (SEE EXHIBIT "D2").

53.) IN A LETTER DATED NEARLY ONE YEAR LATER, JANUARY 25, 2021, PLAINTIFF WAS INFORMED THAT HIS TORT CLAIM WAS DENIED. THE NOTIFICATION WAS FROM THE REGIONAL COUNSEL AT THE NORTHEAST REGIONAL OFFICE. (SEE EXHIBIT "E2").

## V. WRONGFUL CONFINEMENT TO SHU.

54.) IN ORDER TO STATE A FEDERAL CAUSE OF ACTION FOR WRONGFUL CONFINEMENT TO SHU AN INMATE MUST ALLEGE THAT: (1) HE OR SHE WAS PLACED IN SHU; (2) A PRISON OFFICIAL ORDERED HIS OR HER PLACEMENT IN SHU; (3) THE PRISON OFFICIAL VIOLATED ONE OR MORE OF INMATE'S CLEARLY ESTABLISHED RIGHTS TO PROCEDURAL DUE PROCESS; (4) THE PRISON OFFICIAL WHO VIOLATED THESE RIGHTS WAS RESPONSIBLE FOR THE INMATE'S PLACEMENT IN SHU; (5) THE SHU PLACEMENT MIGHT NOT HAVE OCCURRED IF THE INMATE'S RIGHT TO PROCEDURAL DUE PROCESS HAD BEEN HONORED; (6) THE INMATE HAS

EXHAUSTED HIS OR HER ADMINISTRATIVE REMEDIES BY FILING A TIMELY ADMINISTRATIVE APPEAL; (7) PLACEMENT IN SHU IMPOSED AN ATYPICAL AND SIGNIFICANT HARDSHIP; AND (8) AFTER THE INMATE LOST GOOD TIME, HE OR SHE HAS SUCCESSFULLY CHALLENGED HIS OR HER DISCIPLINARY DISPOSITION.

55.) AN INMATE MUST PLEAD AND PROVE EACH OF THESE ELEMENTS IN ORDER TO WIN A CLAIM FOR DAMAGES BASED ON TIME SPENT WRONGFULLY CONFINED IN SHU. PLAINTIFF ARGUES EACH OF THESE ELEMENTS IN HIS MEMORANDUM OF LAW.

VI. STATUTE OF LIMITATIONS.

56.) PENNSYLVANIA'S TWO-YEAR STATUTE OF LIMITATIONS FOR PERSONAL INJURY ACTIONS APPLIES TO PLAINTIFF'S ACTION. THE STANDARD RULE IS A CAUSE OF ACTION ACCRUES WHEN THE PLAINTIFF HAS A COMPLETE AND PRESENT CAUSE OF ACTION, THAT IS, WHEN THE PLAINTIFF CAN FILE SUIT AND OBTAIN RELIEF.

57.) HOWEVER, WHERE A CLAIM FOR DELIBERATE INDIFFERENCE IS MEASURED BY PERSISTENT CONDUCT IN THE FACE OF RESULTANT PAIN AND RISK OF PERMANENT INJURY EACH DENIAL OR FAILURE TO TREAT GIVES RISE TO A CLAIM, AND THE STATUTE OF LIMITATIONS RUNS ANEW. THIS IS KNOWN AS A CONTINUING VIOLATION.

VII. INJURIES SUFFERED.

58.) PLAINTIFF SUFFERS FROM A NUMBER OF LASTING EFFECTS THAT ARE DIRECTLY ATTRIBUTABLE TO THE DELAYS IN TREATMENT AND TO THE DELIBERATE INDIFFERENCE SHOWN BY ALL DEFENDANTS IN THIS ACTION. THERE ARE A NUMBER OF LASTING PHYSICAL EFFECTS AND A SURPRISING NUMBER OF PSYCHOLOGICAL EFFECTS, IN SPITE OF THE FACT THAT PLAINTIFF WAS RELEASED FROM SHU NEARLY A FULL YEAR AGO. THE 7 MONTHS IN SHU REALLY TOOK A TOLL.

—15—

## VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

59.) Plaintiff's DHO hearing was conducted on August 21, 2019. On September 9, 2019, Plaintiff submitted a BP-10 to the Northeast Regional Office challenging the findings of the DHO. (Please see Exhibit "W").

60.) Plaintiff received a notice of receipt of his BP-10 by the Regional Office, dated September 23, 2019. (Please see Exhibit "X"). Plaintiff received a response to his BP-10 dated October 11, 2019, partially granting his appeal. Shortly thereafter, Plaintiff's 41 days of good conduct time was restored, his 6-month loss of phone privileges was lifted, and the incident report was expunged. (Please see Exhibit "Y").

## IX. Relief Sought.

61.) As a proximate result of the Defendant's tortious acts, Plaintiff suffered irreparable harm for which there is no adequate remedy at law. Plaintiff prays this Honorable Court would find, either before a jury trial, or after a jury trial that Plaintiff is entitled to the following award: (1) Actual Damages to compensate for lost future income; (2) Mental suffering and psychological harm; and, (3) Punitive Damages in the amount of; $3,000,000.00.

62.) The basis for the amount of damages sought by Plaintiff is as follows: (1) Plaintiff will no longer be able to pursue his prior gainful employment, and as a result, will no longer be able to provide for his family in the same manner; (2) Plaintiff has wrongfully endured extreme and lasting mental suffering and psychological harm; and, (3) Plaintiff seeks punitive damages, because the wrongful acts were done intentionally and maliciously.

-16-

63.) THE DEFENDANTS HAVE AN OPPORTUNITY TO RESOLVE THIS MATTER SHORT OF TRIAL BY RESPONDING POSITIVELY TO PLAINTIFF WITH A SETTLEMENT OFFER.

X PREVIOUS LAWSUITS.

64.) PLAINTIFF HAS NOT PREVIOUSLY FILED ANY OTHER SUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION. FURTHER, PLAINTIFF HAS NOT FILED ANY OTHER LAWSUITS IN STATE OR FEDERAL COURT OTHERWISE RELATING TO HIS IMPRISONMENT.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 22ND DAY OF JULY, 2021

DAVID BAEZ-GARCIA, PRO SE
REG. NO. 01725-049
FCI ALLENWOOD MEDIUM
P.O. BOX 2000
WHITE DEER, PENNSYLVANIA 17887

I, DECLARE UNDER PENALTY OF PERJURY THAT ON THIS 22ND DAY OF JULY, 2021, I AM DELIVERING THIT MOTION TO PROCEED IN FORM PAUPERIS, AN INMATE AUTHORIZATION, COMPLAINT, MEMORANDUM OF LAW, AND EXHIBITS TO PRISON AUTHORITIES TO BE MAILED TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA AT WILLIAMSPORT, PENNSYLVANIA.

SIGNATURE OF PLAINTIFF
DAVID BAEZ-GARCIA, PRO SE



USPS TRACKING® #

9505 5135 2176 1214 2663 04



Davin Baez- Garcia
01725-049
FCI Allenwood Medium
P.O. Box 2000
White Deer Pennsylvania 17887



PRIORITY MAIL ★

TRACKED ★ ★ ★ INSURED ★

UNITED STATES POSTAL SERVICE®

For Domestic and International Use          Label 107R, May 2014

Clerk of Court
U.S. District Court
Middle District of Pennsylvania (Williamsport)
Herman T. Schneebeli Federal Building
240 West Third Street  Suite 218
Williamsport, Pennsylvania 17701-6417

Legal Mail

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

DATE    JUL 3 0 2021

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.